IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                 :

                                         :

    v.                                   :   Criminal No. DKC 18-66-3
                                             Civil Action No. DKC 19-3464
                                         :

ASHLEY NICOLE COLLIER                    :

                                         :

**MEMORANDUM OPINION**

Presently pending is the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Ashley Nicole Collier.  (ECF No. 131).  For the following reasons, her motion will be denied.

## I.   Background

Ms. Collier was initially charged with one count of conspiracy and interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a).  (ECF No. 1).  She was subsequently charged in a Superseding Indictment with conspiracy and interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (count 1s), armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and (f) and 18 U.S.C. § 2 (count 2s), brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (count 3s), and possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 924(g)(1) and 18 U.S.C. § 2 (count 4s) (ECF No. 6).

Ms. Collier pled guilty on August 14, 2018, to armed bank robbery (count 2s) and possession of a firearm during a crime of violence (count 3s).  The parties agreed to the facts set forth in Ms. Collier's plea agreement and stipulated that had the case proceeded to trial, the government would have proven those facts beyond a reasonable doubt.  (ECF No. 68).  Excerpts from the Statement of Facts read:

> "Collier and her co-conspirators took money that was in the care, custody and possession of a bank from employees of the bank while the employees were present; she aided and abetted the use of force, violence and intimidation; and intentionally put the life of the employees in jeopardy by the use of a gun during the robbery"

> and

> "On January 9, 2018, at approximately 10:48 a.m., Collier, Collier's boyfriend, Donald Marcel Rivers, Jr., and Collier's brother, Timothy Michael Mclain ("Mclain") robbed the BB&T Bank, located at 1326 Salem Avenue, Hagerstown, in Washington County, Maryland. Collier and Rivers communicated in the morning before the robbery, and then Collier initiated communication on the phone with her brother, Mclain, before the robbery. Shortly thereafter, the three co-conspirators arrived at the bank in a grey colored Jeep Grand Cherokee. Rivers and Mclain entered the bank, while Collier drove the Jeep to the parking area of the bank and remained in the driver's seat of the Jeep during the bank robbery."

(ECF No. 68-1).

The plea agreement anticipated a base offense level of 20 for count two, a two-level increase because property from a financial institution was taken, a two-level decrease because Ms. Collier was a minor participant in the criminal activity, and a further three-level decrease for acceptance of responsibility, with a resultant adjusted offense level of 17.   Count three carried a mandatory minimum sentence of five years, consecutive to count two.  (ECF No. 68, p. 5).  She was sentenced on November 26, 2018, to 90 months imprisonment, consisting of 30 months on count two and a consecutive 60 months on count three.  (ECF No. 110).  She did not appeal.

On December 2, 2019,[1] the Clerk received a motion to vacate, set aside, or correct sentence from Ms. Collier.  (ECF No. 121). The court issued an Order on December 18, 2019, directing the government to respond and providing Ms. Collier an opportunity to file a reply.  (ECF No. 123).  Ms. Collier later filed a memorandum of points and authorities to support her motion on December 23, 2019.  (ECF No. 125).  The government filed a response on February 14, 2020.  (ECF No. 136).  Ms. Collier has not filed a reply.  Ms.

---

[1]  The motion is dated November 18, 2019.

Collier requested the appointment of counsel on March 4, 2021 (ECF No. 148), which the court denied on March 18, 2021 (ECF No. 149).

## I.   Standard of Review

To be eligible for relief under 28 U.S.C. § 2255, Ms. Collier must show, by a preponderance of the evidence, that her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  A *pro se* movant is entitled to have her arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978).  But if the 28 U.S.C. § 2255 motion, along with the files and records of the case, conclusively show that she is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

A claim for relief brought pursuant to 28 U.S.C. § 2255 that was not raised on appeal is procedurally defaulted and will only be considered if the petitioner can show cause and actual prejudice, or that the petitioner is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) ("In order to

collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.").

A conviction and sentence based on a guilty plea can only be collaterally attacked on relatively narrow grounds, including that the plea was not voluntary, that the petitioner was not advised by competent counsel, or that the court clearly lacked authority to impose the sentence. *United States v. Broce*, 488 U.S. 563, 569 (1989). In addition, statements made by a defendant during a hearing to accept her guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed without an evidentiary hearing:

> "[A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity,'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" . . . Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict

> the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." . . . Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*United States v. Lemaster*, 403 F.3d 216, 221-22 (4ᵗʰ Cir. 2005) (internal citations omitted).

Pursuant to 28 U.S.C. § 2255(b), an evidentiary hearing is appropriate where a petitioner "has pled facts that, if established, entitle him to relief, and there is a material dispute regarding those facts." *Jones v. United States*, No. DKC-14-0176, 2018 WL 1069438, at *3 (D.Md. Feb. 27, 2018); *accord United States v. Yearwood*, 863 F.2d 6, 7 (4ᵗʰ Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). "To warrant an evidentiary hearing on an ineffective assistance of counsel claim, the [petitioner] need establish only that he has a plausible claim of ineffective assistance of counsel[.]" *Jones*, 2018 WL 1069438, at *3 (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)). The question of whether an evidentiary hearing is necessary is "left to the common sense and sound discretion of the district judge[.]" *West v. United States*, No.

6

DKC-13-0558, 2018 WL 529619, at *4 (D.Md. Jan. 24, 2018) (citing *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970)). "A hearing is generally 'required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue.'" *United States v. Smith*, No. ELH-15-457, 2015 WL 4509955, at *1 (D.Md. July 24, 2015) (quoting *United States v. Robertson*, 219 F.App'x 286, 286 (4th Cir. 2007); see *United States v. Ray*, 547 F.App'x 343, 345 (4th Cir. 2013) ("An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue.") (citing *United States v. Witherspoon*, 231 F.3d 923, 926–27 (4th Cir. 2000)).

## II. Analysis

Ms. Collier's initial motion raised four grounds for relief:

(1) "Petitioner's plea agreement was not voluntarily, [intelligently] or willing agreed to[]." She says she was coerced into signing the agreement because her attorney failed to advise her properly regarding the charges, her role, and the sentencing guidelines.

(2) Petitioner's former attorney Marc G. Hall failed to provide effective legal representation. She claims he "falsely" advised her that, if she didn't sign the agreement, she would go to trial the next week, he failed to explain the plea agreement to her, didn't discuss the

appeal or collateral motions waiver, falsely advised
that she would get the minor role reduction, failed to
advise that she didn't meet the elements for 924(c),
failed to object to the prosecutor's recommendation of
100 months, and failed to object to the judge's statement
that she obstructed justice by alleging that she coerced
her brother to participate in the bank robbery.

(3)   Petitioner did not have a major role in the Bank robbery
      and therefore she should have received a departure under
      minor role.

(4)   Petitioner's appeal and collateral motions waivers in
      the plea agreement can be vacated because Petitioner can
      establish that Government charged her with 18 U.S.C.
      924(c)(1)(B), also known as the residual clause.

In the subsequently filed memorandum, which is not under

oath, Petitioner expands a bit.  She provides a background

section where she claims that she only committed conspiracy

to commit bank robbery, but not armed bank robbery, because

she only drove the "get away car."  She claims not to have

known that a co-defendant was going to use, carry or possess

a firearm.  She acknowledges that her attorney [properly]

advised her that she could still be charged with the

substantive offenses because she was part of the conspiracy,

but that she still insisted to counsel that she wasn't guilty

of the substantive offenses.

With regard to the first ground, that her plea was

involuntary, she contends that Mr. Hall failed to explain

adequately why she was being charged with a firearm charge when she never entered the bank or possessed a firearm, that he instructed her to answer "yes" to all questions posed by the judge, that she didn't have enough time to review the plea agreement, and that she requested to revoke the plea agreement before the plea hearing.  She explains that, after sentencing, she requested Mr. Hall to file an appeal and that this shows that she didn't understand that the plea agreement waived her right to file an appeal.  She also argues that conspiracy to commit bank robbery cannot serve as the predicate for use or possession of a firearm in a crime of violence, citing *United States v. Davis*, 139 S.Ct. 1356. Thus, she argues, the plea agreement should be revoked.  She cites out-of-circuit authority for the proposition that a plea agreement should not be accepted if it contains a waiver of a right to appeal a sentence that has not been imposed.

In support of her ineffective representation claim, she asserts that Mr. Hall failed to advise her as to the elements required for armed robbery and actions required for her to be charged with a "924(c) enhancement."  He failed to attack the indictment that charged the substantive offense instead of conspiracy.  He failed to negotiate properly a plea agreement

that was fair and failed to discuss what felonies were considered crimes of violence.  She asserts prejudice in the additional five years for the § 924(c) charge.  She reiterates that she requested that he prepare a notice of appeal and had requested him to withdraw her plea agreement.

Petitioner expounds on why she should receive an adjustment for minimal role, and she argues that she should have received a four-level decrease. She then contends that her appeal and collateral motions waivers should be vacated because she was charged under a now "defunct" statute due to the invalidation of the residual clause.

**A.   Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, the petitioner must show that her attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).  A determination need not be made concerning

the attorney's performance if it is clear that no prejudice could have resulted from it.  *Strickland*, 466 U.S. at 697.

In the context of a § 2255 petition challenging a conviction following a guilty plea, a petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  A petitioner must also "convince the court" that such a decision "would have been rational under the circumstances."  *Padilla*, 559 U.S. at 372.  Therefore, a petitioner's subjective preferences are not dispositive.  *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).  Instead, "[w]hat matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts."  *Id.*

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim.  As the Supreme Court of the United States explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place."  *Premo v. Moore*, 562 U.S. 115, 132 (2011).  Thus, a

11

petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.* Moreover, as noted above, a petitioner may not be heard to contradict statements made under oath at the plea hearing.

### 1. **Plea not voluntarily or intelligently made**

Most of Ms. Collier's allegations are flatly refuted by the record.  At the Rule 11 hearing, Ms. Collier stated under oath that she understood the charges and the sentencing parameters, including the mandatory minimum sentence of five years on Count 3 of the Superseding Indictment.  (ECF No. 134).  The court discussed the elements of each offense, what the government would need to prove, the possibility that she would be ordered to pay restitution, and her rights that she'd give up by pleading guilty.  The government read the Statement of Facts into the record and Ms. Collier agreed they were true and that she was guilty of the offenses in Counts 2 and 3 of the Superseding Indictment.  She acknowledged signing the plea letter after having read it carefully and discussing it with her attorney before signing it.  She agreed that her attorney answered all of her questions and that she was satisfied with the help he provided.  After these discussions, Ms. Collier remained willing to plead guilty, thus contradicting any notion that she wanted to withdraw from the plea agreement.

12

"[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quotation marks and citations omitted); *see also cf. Little v. Allsbrook*, 731 F.2d 238, 240 n.2 (4th Cir. 1984) ("In the absence of clear and convincing evidence to the contrary, [the defendant] must be bound by what he said at the time of his plea."). Such extraordinary circumstances are absent here. *See Brown*, 158 F.App'x at 398 ("The record clearly reveals that Brown voluntarily chose to plead guilty and that he understood the consequences of doing so."). Ms. Collier's allegation that counsel coached her to answer all questions affirmatively during the plea colloquy does not change the outcome.[2] *Cf. United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (finding defendant's conclusory statement that he lied during plea colloquy did not justify withdrawing plea); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977)

---

[2]    Moreover, "[d]espite petitioner's contention that she was coached on her answers, she makes no claim that she was instructed to answer the court's questions *falsely* or that she was threatened with harm if she did not answer *falsely*." *Nesbitt v. United States*, 773 F.Supp. 795, 800 (E.D.Va. 1991) (emphasis in original).

(explaining that conclusory allegations are insufficient to overcome "[s]olemn declarations in open court").

### 2.  Discussion of Whether to Appeal

Ms. Collier states in her memorandum of points and authorities to support her motion (but not in the motion itself) that she "requested" that her attorney prepare a notice of appeal after her sentencing.  She later says that he responded that Petitioner had no right to appeal because she waived her right in the plea agreement.  These assertions are, in part, in the context of her description of why she obviously didn't understand the plea agreement because she waived her right to appeal in the agreement and in regard to why she thinks her attorney didn't try hard enough for a more favorable plea agreement.

In *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007), the Fourth Circuit held that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's **unequivocal** instruction to file a notice of appeal, and it added that an attorney is required to do so "even if doing so would be contrary to the plea agreement and harmful to the client's interests."  Petitioner's initial motion, which is under oath, does not assert that her attorney ignored an unequivocal instruction to file an appeal.  She states: "I did not

14

appeal because my attorney advised me that I could not appeal my sentence because it was a part of my plea deal that I would not appeal. He also advised me that if I did try to appeal it would not help me and that I could get more time." The later memorandum, not under oath, uses vague language indicating that she discussed the notion of an appeal with counsel after sentencing, but stops short of stating that she directed the appeal to be filed. Even after the government filed its opposition, in which it recites that her attorney reported that he would have filed an appeal if she had asked, Petitioner did not file a reply. Thus, the record shows merely that she accepted his advice at that time that an appeal was ill-advised.

A more recent Supreme Court case, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), dealt with the question of counsel's professional obligation "when the defendant has not clearly conveyed his wishes one way or the other" as to whether he wants counsel to file a notice of appeal. The Court held that, under those circumstances,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated

> to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 480. Here, Petitioner was sentenced precisely as contemplated by the plea agreement and there were no obvious issues for appeal, even in light of the appeal waiver.

### 3.  Failure to Argue Mitigating Factors

Ms. Collier argues that her counsel was ineffective because he did not argue that she was entitled to a sentencing reduction for being a minor or minimal participant under U.S.S.G. § 3B1.2. (ECF No. 121, p. 5). She further asserts that she never knew that her co-defendant was carrying, using, or brandishing a firearm and that she is guilty of conspiracy to commit bank robbery. Not only

16

did counsel advocate for a minor role adjustment, but a two-level downward adjustment was stipulated to in the plea agreement and applied by the court.  A four-level adjustment is a rare occurrence and was not justified in this case.

### 4. Appeal Waiver

Petitioner argues that the appeal and collateral review waivers should be vacated.  First, there was no waiver of collateral review in the plea agreement.  Second, the authority she cites for the proposition that an appeal waiver is unenforceable, *United States v. Raynor*, 989 F.Supp. 43 (D.D.C. 1997), is a decision by a single district judge in another district and circuit, and that position has been rejected by the appellate court for that district, *United States v. Powers*, 885 F.3d 728, 732 (D.C.Cir. 2018).  In this circuit, appeal waivers will be upheld if the record shows that a defendant knowingly and intelligently agreed to waive the right to appeal.  *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005).  In this case, both the written plea agreement and the court's colloquy clearly described the appeal waiver, which Petitioner said she understood and agreed to.

17

## 5. Validity of Count three

Throughout the petition and memorandum, citing *United States v. Davis*, 139 S.Ct. 2319 (2019), Petitioner stresses that her underlying criminal conduct was merely conspiracy, not bank robbery, and conspiracy does not qualify as a predicate for § 924(c) as a crime of violence.  Petitioner also sought leave to file a second petition from the Fourth Circuit which was denied because it was unnecessary inasmuch as this petition was still pending. She has not, however, moved for leave to amend to raise an additional issue.  The issue she sought to include was that she pled to aiding and abetting armed robbery which also should not be sufficient as a predicate crime of violence.  That argument has been rejected:

> Aiding and abetting is not a standalone criminal offense—rather, it "simply describes the way in which a defendant's conduct resulted in the violation of a particular law." *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010). Section 2 "does not set forth an essential element of [an] offense," *id*., so aiding and abetting a crime has the exact same elements as the principal offense. Because there are no new elements on which the categorical approach can operate, it is impossible for the analysis of aiding and

18

> abetting a crime to come out differently than
> the principal crime.
>
> Therefore, aiding and abetting a crime of
> violence is also categorically a crime of
> violence.

*United States v. Ali*, 991 F.3d 561, 574 (4th Cir.), *cert. denied*,
142 S. Ct. 486 (2021).

Petitioner pled guilty to the bank robbery charged in count
two, and not to the conspiracy charged in count one. As noted,
she was an aider and abettor and thus guilty of the substantive
charge of a completed bank robbery. She did not just agree (or
conspire) to commit the offense. She participated in the
commission of the offense. And bank robbery qualifies as a crime
of violence. The Fourth Circuit has found that both bank robbery
and armed bank robbery are "crimes of violence" under the elements
clause of § 924(c)(3)(A), and that those crimes require more than
a mens rea of recklessness. *See United States v. McNeal*, 818 F.3d
141, 152-57 (4th Cir. 2016). Many courts continue to rely on
*McNeal*, *see, e.g., Green v. United States*, No. CR RDB-15-00526,
2019 WL 4879209, at *4 (D.Md. October 3, 2019). One court recently
noted that:

> The Fourth Circuit has held that federal
> bank robbery by intimidation qualifies as a
> crime of violence under the force clause of §
> 924(c)(3) because "the government must prove

not only that the accused knowingly took
property, but also that he knew that his
actions were objectively intimidating."
*McNeal*, 818 F.3d at 155. In *McNeal*, the
defendant argued that bank robbery could be
committed by recklessly engaging in
intimidation. 818 F.3d at 155. The court
rejected the contention. The Fourth Circuit
agreed that bank robbery did not require a
specific intent to intimidate. The relevant
inquiry, however, was "whether bank robbery
requires general intent (i.e., knowledge) with
respect to intimidation." *Id*. (*emphasis
added*). The court found that bank robbery
required that level of intent, noting: "the
Supreme Court ruled in *Carter v. United States*
that bank robbery ... requires 'proof of
general intent—that is, that the defendant
possessed knowledge with respect to the actus
reus of the crime (here, the taking of
property of another by force and violence or
intimidation).'" *Id*. (quoting *United States v.
Carter*, 530 U.S. 255, 268 (2000)). "Put
differently, the prosecution must show that
the defendant knew 'the facts that mad[e] his
conduct fit the definition of the offense.'"
*Id*. (quoting *United States v. Elonis*, 575 U.S.
723, 735 (2015)). The court concluded: "Thus,
to secure a conviction of bank robbery 'by
intimidation,' the government must prove not
only that the accused knowingly took property,
but also that he knew that his actions were
objectively intimidating." *Id*. (*emphasis
added*). As a result, the Fourth Circuit found
that this mens rea met the requirement of
*Garcia v. Gonzales*, 455 F.3d 465, 469 (4th
Cir. 2006), that a crime of violence must be
committed by a mens rea greater than
recklessness. *Id*. at 155-56.

*Vaughan v. United States*, No. CR 2:94-511-RMG, 2021 WL 4993537, at

*4 (D.S.C. Oct. 27, 2021), *appeal dismissed*, No. 21-7594, 2022 WL

1554986 (4th Cir. Jan. 31, 2022).  Thus, the predicate qualifies
as a crime of violence and there is no merit to her contentions
that the plea was improper or her conviction unfair.

## III. Conclusion

Pursuant to Rule 11(a) of the Rules Governing Proceedings
under 28 U.S.C. § 2255, the court is also required to issue or
deny a certificate of appealability when it enters a final order
adverse to the applicant.  A certificate of appealability is a
"jurisdictional prerequisite" to an appeal from the court's
earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th
Cir. 2007).  A certificate of appealability may issue "only if the
applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court
denies a petitioner's motion on its merits, a petitioner satisfies
this standard by demonstrating that reasonable jurists would find
the court's assessment of the claim debatable or wrong.  *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*,
537 U.S. 322, 336-38 (2003).  Where a motion is denied on a
procedural ground, a certificate of appealability will not issue
unless the petitioner can "demonstrate both (1) that jurists of
reason would find it debatable whether the petition states a valid
claim of the denial of a constitutional right and (2) that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).   Upon review of the record, the court finds that Petitioner does not satisfy the above standard.   Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.   A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

22